IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDA LEE BRAUN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-447-RGA |
| JAY AHMED and JAY'S AUTO SALES, | : |
| Defendants. | : |

Brenda Lee Braun, Lancaster, Pennsylvania, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 3, 2013
Wilmington, Delaware

*[signature: Richard G. Andrews]*
ANDREWS, U.S. District Judge:

Plaintiff Brenda Lee Braun filed this action seeking payment for seven days unpaid wages, medical bills, and other miscellaneous items. She appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff worked for Defendant Jay Ahmed's garage in Reading, Pennsylvania. She alleges that he owes her for seven days of work, three flower orders, two orders for items from an oriental trading company, and six prayer shawls. She also alleges that, while at the garage on March 7, 2012, she slipped and fell. The fall required a hospital visit, and Ahmed would not pay the medical bills. Plaintiff seeks $26,205.00 in damages, plus pain and suffering.

While the civil cover sheet asserts jurisdiction by reason of a federal question, the Court perceives no basis for federal jurisdiction. Plaintiff was a citizen of the State of Delaware at the time she filed the Complaint (she now resides in Pennsylvania); Defendant is a citizen of the State of Pennsylvania; and Plaintiff alleges damages in the amount of $26,205.00  Hence, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a) (for diversity jurisdiction the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs). Hence, the Court lacks subject matter jurisdiction over this matter.

In addition, it does not appear that the case is properly venued in this district. In a civil action, venue is proper only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).  Here,  Defendant resides in Pennsylvania and the events giving rise to the claim occurred in Pennsylvania.

For the above reasons, the Court will dismiss the Complaint for lack of subject matter jurisdiction.  Plaintiff will be given leave to amend the Complaint, in the event she can cure the pleading deficiencies.  Any amendment shall set clarify whether venue is proper in this judicial district.

An appropriate order will be entered.